```
_____

                    IN THE UNITED STATES DISTRICT COURT

                    CENTRAL DIVISION, DISTRICT OF UTAH
_____
```

| | | |
|---|---|---|
| **CRAIG WAYMAN,** | : | Civil No. 2:11-cv-00969 |
| Plaintiff, | : | **REPORT & RECOMMENDATION** |
| vs. | : | **DISTRICT COURT JUDGE DEE BENSON** |
| **CITY OF SARATOGA SPRINGS, et. al.** | : | |
| Defendant. | : | **MAGISTRATE JUDGE BROOKE C. WELLS** |

_____

This matter is currently before the above entitled court on the named defendants[1] collective "Motion To Dismiss" plaintiff Craig Wayman's complaint,[2] and on plaintiff's Motion For Summary Judgment.[3] Oral argument was not requested on either

---

[1] The named defendants are: City of Saratoga Springs, The City Council, City Councilman Bud Poduska, City Councilman Brent Call, City Councilman Cecil Tuley, City Councilman Jim Miller, City Councilman Michael McOmber, City Manager of Saratoga Springs Mark Christiansen, previous City Manager Ken Leatham, Mayor of Saratoga Springs Mia Love, previous Mayor of Saratoga Springs, Tim Parker, Keith Stoney in his personal and judicial capacity, Saratoga Springs Police Chief Gary Hickens, Policy Officer for City of Saratoga Springs Police Department Aaron Rosen, Police Office for City of Saratoga Springs Matt Brownly, Police Officer for City of Saratoga Springs Jeremy Wright, City Attorney Lynda Jarvis, City Detective Bruce Champagne, and John Does 1-100 involved in police cover-up and misconduct.

[2] Document Number 5.

[3] Document Number 8.

motion.[4]

## I. Background

On October 19, 2011, plaintiff Craig Wayman filed his *pro se* civil rights complaint alleging violations of 42 U.S.C. section 1983.[5] Specifically, Mr. Wayman contends that his estranged wife, Melinda Bird, filed "frivolous and vexatious complaints" against him with the Saratoga Springs Police Department.[6] Based upon Ms. Bird's complaints, plaintiff alleges that the named defendants "acted in concert to perpetrate a fraud upon the Plaintiff in that they knowingly and willfully proffered charges against the Plaintiff in an *unconstitutional court.*"[7] Mr. Wayman further contends he was denied equal protection and due process of law when he was incarcerated for fifty-two (52) days pursuant to an order issued by Judge Stoney and the unconstitutional Saratoga Springs Justice Court.[8]

The gravamen of Mr. Wayman's complaint is his claim the Saratoga Springs Justice Court is unconstitutional and acting in violation of the separation of powers

---

[4] Fed. R. Civ. P. 7(e). "The court may hold a hearing on any motion. . . The Court shall grant a request for a hearing on a motion under Rule 56 or a motion that would dispose of the action or any claim or defense in the action unless the court finds that the motion is frivolous or the issue has been authoritatively decided." *See also,* DUCivR 7-2 stating "[r]equests for oral arguments on motions will be granted on good cause shown."

[5] Document Number 1; "Civil Rights Complaint".

[6] Specifically, Mr. Wayman claims that Ms. Bird's allegations included claims of felony stalking and of hiring a hit-man to target the Saratoga Springs city detective and city attorney.

[7] Id. at ¶2, pg. 9 (Emphasis included in original).

[8] Id. at. ¶9, pg. 14.

doctrine mandated under both Utah and the United States Constitutions.[9] As a result of these violations, plaintiff alleges financial detriment along with emotional and psychological harms.[10] Mr. Wayman seeks five million dollars in punitive damages, unspecified special damages and a declaratory judgment requiring the State of Utah to bring its unconstitutional statues, related to the formation and responsibilities of the justice courts, "within the contours and borders of the Utah Constitution and U.S. Constitution."[11]

**II. Motion To Dismiss**

    **1. Standard of Review.**

Defendants collectively filed, pursuant to Federal Rule 12(b)(6), their motion to dismiss Mr. Wayman's complaint for failure to state a claim upon which relief can be granted.[12] In evaluating the propriety of dismissing a complaint under Rule 12(b)(6) "all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party."[13] Dismissal is appropriate when viewing the facts as true, plaintiff does not pose

---

[9] Id. at pg. 10.

[10] Id. at pg. 17.

[11] Id. at pgs. 18-19.

[12] Fed. R. Civ. P. 12(b)(6).

[13] GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997); See, Ridge at Red Hawk L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007).

any "plausible" right to relief.[14] When a civil rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional claim," the Court shall consider such assertions as "conclusory" and not entitled to an assumption of truth.[15] "The allegations must be enough that if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief."[16] In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe *this* plaintiff has a reasonable likelihood of mustering factual support for these claims."[17]

III. Application & Analysis

1. **Defendants: City Council, City of Saratoga Springs, City Council Member Bud Poduska, City Council Member Brent Call, City Council Member Cecil Tuley, City Council Member Jim Miller, City Council Member Michael McOmber, City Manager Mark Christiansen, previous City Manager Ken Leatham, and previous Saratoga Springs Mayor Tim Parker.**

In order to survive a motion to dismiss, Mr. Wayman's complaint must clearly

---

[14] *See,* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); Robbins v. Oklahoma, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

[15] Ashcroft v. Iqbal, 129 S. Ct. 1937, 1951 (2009)(quoting, Twombly, 550 U.S. at 554-55).

[16] Robbins, 519 F.3d at 1247.

[17] Red Hawk, 493 F.3d at 1177 (italics in original).

4

state what each individual defendant, or entity, did to violate plaintiff's civil rights.[18] To state a proper claim, a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and what specific legal right the plaintiff believes the defendant violated."[19]

In this case, Mr. Wayman's complaint is completely devoid of any specific allegations against the entities, individual defendant City Council members or the current and former City Managers. Plaintiff fails to raise any plausible claim that affirmatively links these defendants with the alleged violation of his rights. Accordingly, the motion to dismiss is granted as to all of these defendants.

As an alternative ground for dismissal, the City legislators are entitled to absolute legislative immunity. "[S]tate and regional legislators are entitled to absolute immunity from liability under § 1983 for their legislative activities."[20] The rationale for absolute legislative immunity stems from the conclusion that "[r]egardless of the level of government, the exercise of legislative discretion should not be inhibited by judicial interference or distorted by the fear of personal liability."[21] Here, Mr. Wayman brings claims against certain city councilmen without identifying any specific unconstitutional

---

[18] *See,* Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976)(stating personal participation of each named defendant is essential allegation in civil rights action).

[19] Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center, 492 F.3d 1158 (10th Cir. 2007).

[20] Bogan v. Scott-Harris, 523 U.S. 44, 49 (1998).

[21] Id. at 52. *See,* Spallone v. United States, 493 U.S. 265, 279 (1990)(noting, "any restriction on a legislator's freedom undermines the 'public good' by interfering with the rights of the people to representation in the democratic process")).

acts. While plaintiff generally alleges that the City or its legislators have implemented an unconstitutional policy with regard to the City's justice courts, absent any allegation that the legislators acted outside the scope of their official legislative capacities, they are entitled to absolute legislative immunity and any claims against them should be dismissed.

### 2. Defendants: Saratoga Springs Mayor Mia Love, Saratoga Spring Police Chief Gary Hickens, Saratoga Springs Police Officers Aaron Rosen, Jeremy Wright and Detective Bruce Champagne.

Similarly, with respect to these defendants Mr. Wayman again fails to specifically state what each individual did to violate his civil rights.[22] With regard to Saratoga Springs Mayor Mia Love, the complaint fails to state more than the conclusory allegation that she assured Mr. Wayman she would conduct an internal investigation of the Saratoga Springs Police Department, and then failed to do so.[23] Such scant allegations are insufficient to state a plausible civil rights claim against Ms. Love.

As to the Saratoga Springs Police Chief, police officers and detective, plaintiff alleges nothing more than the police conducted investigations which resulted in charges being brought against him. Again, there are no facts or specific acts that show unconstitutional conduct by these individuals and accordingly the claims against them must be dismissed.

### 3. Defendant Judge Keith Stoney.

In his complaint Mr. Wayman alleges that Judge Stoney presided over his cases

---

[22] *See*, Bennett, 545 F.2d at 1262-63.

[23] Document Number 1; "Civil Rights Complaint" ¶3, pg. 9.

in the Saratoga Springs Justice Court and applied "unconstitutional law".[24]  Such allegations pertain to the actions of Judge Stoney in his official capacity, and therefore he is entitled to absolute judicial immunity.  Judicial immunity bars suits brought pursuant to 42 U.S.C. § 1983.[25]  "The rationale is to incorporate common law immunities and to allow functionaries in the judicial system the latitude to perform their tasks absent the threat of retaliatory § 1983 litigation."[26]  Immunity may only be overcome under two circumstances: (1) when the judge's actions are taken outside his role as a judge, i.e. non-judicial actions; and (2) when the judge's actions are taken in the complete absence of all jurisdiction.[27]  Plaintiff does not challenge any conduct outside Judge Stoney's official capacity.  However, because plaintiff challenges the constitutionality of the justice court system, it follows that Mr. Wayman asserts that Judge Stoney is not entitled to judicial immunity because his actions were taken in the absence of any jurisdiction.[28]

The Saratoga Springs Justice Court is operated based on authority granted by the State of Utah.[29]  No court has held that the Utah justice court system or specifically

---

[24] Id. ¶9, pg. 14.

[25] Stein v. Disciplinary Bd. of Supreme Court of NM, 520 F.3d 1183, 1190-90 (10th Cir. 2008).

[26] Snell v. Tunnell, 920 F.2d 673, 686 (10th Cir. 1990).

[27] Mireles v. Waco, 502 U.S. 9, 11 (1991).

[28] Document Number 7; "Plaintiff's Reply Motion To Deny Defendants' Motion To Dismiss" pgs. 4-6.

[29] Utah Code Ann. 78A-7-101 states "Under Article VII, Section 1, Utah Constitution, there is created a court not of record known as the justice court.  The judges of this court are justice court judges."

the Saratoga Springs Justice Court is unconstitutional.[30] Both the Saratoga Springs Justice Court and Judge Stoney acted with the judicial jurisdiction conferred upon them by the legislature, and therefore absolute judicial immunity applies.

### 4. Defendant Former City Prosecutor Lindsay Jarvis.

A prosecuting attorney acting within the scope of her duties shall enjoy absolute immunity from suit under Section 1983.[31] The rationale underlying prosecutorial immunity is the need to allow such individuals the "latitude to perform their quasi-judicial tasks absent the threat of retaliatory § 1983 litigation."[32]

In this case, Mr. Wayman alleges that Ms. Jarvis "withheld crucial data and evidence" and "acted more as a complaining witness than as a government lawyer."[33] Plaintiff's threadbare allegations, however, fail to supply any facts to support his claim or show that Ms. Jarvis performed an unnecessary act in fulfilling her function as an officer of the court. Accordingly, plaintiff's claim against former city prosecutory Lindsay Jarvis must be dismissed.

---

[30] Plaintiff cites to the case of West Jordan City v. Goodman, in support of his claim that the Saratoga Springs Justice Court is unconstitutional. 135 P.3d 874 (Utah 2006). The Goodman Court, however, rejected "any constitutional challenge to the scheme" concluding that defendant "failed to provide sufficient argument to rebut the well-established presumption that statutes enacted by the legislature are constitutional." at ¶36. Additionally, post 2006 the Utah legislature addressed some of the concerns raised by defendant in Goodman. See, Utah Senate Bill 72 of the 2009 General Session of the Utah Legislature.

[31] Imbler v. Pachtman, 424 U.S. 409, 424 (1976).

[32] Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1490 (citing, Snell v. Tunnell, 920 F.2d 673, 686 (10th 1990).

[33] Document Number 1; ¶12, pgs. 15-16.

**5. Qualified Immunity**

In addition to the above listed grounds for dismissal, the Court finds that the named defendants are also entitled to qualified immunity. The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[34] Courts recognize the affirmative defense so as to avoid subjecting officials to "costly and harassing litigation" that can "potentially inhibit officials in performing their official duties."[35]

Under the doctrine, once the defendant raises the qualified immunity defense, it becomes the plaintiff's burden to prove that the facts alleged show a violation of a constitutional right, and whether that right at issue was "clearly established" at the time of the alleged misconduct.[36] Here, plaintiff has not established a violation of any constitutional right by any of the defendants. No reasonable official would have known that they were violating a clearly established constitutional right based on the facts as alleged by Mr. Wayman. Accordingly, defendants are entitled to qualified immunity.

**6. Constitutional Challenge**

As discussed herein, the essence Mr. Wayman's complaint is his challenge to the constitutionality of Utah's statute authorizing local justice courts, including the Saratoga Springs Justice Court. Federal Rule of Civil Procedure 5.1 requires a party

---

[34] Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

[35] Gross v. Pirtle, 245 F.3d 1151, 1155 (10th Cir. 2001).

[36] Pearson v. Callahan, 129 S. Ct. 808, 816 (2009); *See,* Saucier, 533 U.S. 194, 201 (2001).

calling into question the constitutionality of a federal or state statute to notify the Utah Attorney General of the lawsuit. Here, Mr. Wayman has not filed notice of constitutional question nor has he served such notice, as required, on the attorney general.

As yet another ground for dismissal of his complaint, the Court finds that Mr. Wayman's claim challenging the constitutionality of the Saratoga Springs Justice Court has not been filed in compliance with the requirements of Rule 5.1 and the procedures set forth therein.

**7. Amendment Of Complaint**

It is well-recognized that leave to amend a complaint pursuant to Federal Rule of Civil Procedure 15(a) should not be granted if the amendment "is ultimately futile."[37] "If a complaint fails to state a claim, and no amendment can cure the defects therein, dismissal *sua sponte* may be appropriate.[38] In so determining, the court cannot weigh evidence or determine the validity of factually based arguments.

Upon review, the Court finds that Mr. Wayman fails to state a cognizable claim against defendants, and that no amendment can cure such defects. While recognizing that Mr. Wayman is proceeding pro se, "[t]he broad reading of plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based."[39] In this case, there are absolutely no facts supplied that are sufficient to support a Section 1983 based claim.

---

[37] *See,* Foman v. Davis, 371 U.S. 178, 182 (1962); Bauchman for Bauchman v. West High School, 132 F.3d 542, 562 (10th Cir. 1997).

[38] Id. at 1219 (citing, Curley v. Perry, 246 F.3d 1278, 1281-82 (10th Cir. 2001)).

[39] Hall v. Bellmon, 935 F.2d 1106, 1009 (10th Cir. 1991).

Mr. Wayman's primary challenge is to the constitutionality of the Saratoga Springs Justice Court. The remainder of his complaint contains threadbare allegations that lack absolutely any legal or factual support. Moreover, other than as to defendants Stoney and Jarvis, the remainder of the individual defendants are only referenced in the collective and no individual's personal conduct is identified as being the actual cause of Mr. Wayman's alleged loss of civil rights.

Importantly, Section 1983 is not itself a source of substantive rights, but a method for vindicating federal rights conferred by federal statue or the Constitution.[40] Mr. Wayman's alleged facts fail to show any plausible violation of a federal constitutional right and accordingly there can be no 1983 claim.[41]

Given such fundamental deficiencies, the Court finds it appropriate to grant the defendants' motion to dismiss for failure to state a claim with prejudice.

**Plaintiff's Motion For Summary Judgment**

Based on the rulings issued herein granting defendants' Motion To Dismiss, Mr.

---

[40] Albright v. Oliver, 510 U.S. 266, 271 (1994).

[41] In his complaint Mr. Wayman also references violations of his equal protection and due process rights. However, Mr. Wayman fails to allege that he is a member of a particular protected class or that other similarly situated individuals were treated differently than he was. Jicarilla Apache Nation v. Rio Arriba County 440 F.3d 1202, 1212 (10th Cir. 2006)(citing, Jennings v. City of Stillwater, 383 F.3d 1199, 1210-11 (10th Cir. 2004)). Absent such allegations his equal protection claim must fail. Additionally with regard to due process, there are no allegations to support a claim that Mr. Wayman was denied adequate substantive or procedural due process or unjustifiably deprived of any fundamental liberty interest.

Wayman's "Motion For Summary Judgment" is moot.[42]

### REPORT & RECOMMENDATION

The Court hereby recommends that defendants' Motion To Dismiss be GRANTED, and plaintiff's Motion For Summary Judgment is MOOT.

Copies of the foregoing report and recommendation are hereby mailed to all parties who are hereby notified of their right to object. The parties must file a specific written objection within fourteen days (14) days after being served with a copy.[43] Failure to object may constitute a waiver thereof.

DATED this 12 day of December, 2011.

BY THE COURT:

*Brooke C. Wells*

Brooke C. Wells
United States Magistrate Judge

---

[42] Document Number 8; "Plaintiff's Rule 56 Motion For Summary Judgment."

[43] Fed. R. Civ. P. 72(b)(2).